## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, a Delaware Corporation | Case No.: 2:09-cv-02077-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#12) |
| EVANSTON INSURANCE COMPANY, an Illinois Corporation, and DOES 1-10, inclusive, | |
| Defendants. | |

Before the Court is Defendant Evanston Insurance Company's ("Evanston") **Motion for Summary Judgment, Or, In The Alternative, Motion for Partial Summary Judgment** (#12), filed May 12, 2010.  The Court has also considered Plaintiff Everest National Insurance Company's ("Everest National") Opposition (#13), filed June 2, 2010, and Evanston's Reply (#16), filed June 18, 2010.

### BACKGROUND

This dispute arises from Everest National's allegations that Evanston had the primary obligation to defend and indemnify an insured, and that because Everest National provided that defense and indemnification it is entitled to full reimbursement from Evanston.  On January 4, 2001, Triangle Landscaping, Inc. ("Triangle") entered into a contract with La Villa Estates Apartments ("La Villa") to provide landscaping services beginning that January.  Triangle subsequently obtained a commercial general liability policy from Everest National (the "Everest National Policy") for the period of September 11, 2001 through September 11, 2002.  The Everest National Policy also named La Villa as an additional insured.  La Villa was also insured by a

commercial general liability policy issued by Evanston (the "Evanston Policy") for the period of June 1, 2001, through June 1, 2002. Accordingly, for the period of September 11, 2001, through June 1, 2002, La Villa was insured by both the Everest National Policy and the Evanston Policy.

On January 13, 2002, JeanMarie Schirling was injured in a slip and fall accident at La Villa. Following the accident Schirling filed a lawsuit against La Villa, who, in turn, tendered the claim to Evanston. Evanston retained defense counsel to represent La Villa and subsequently brought a third-party claim against Triangle. Evanston's defense counsel then tendered the claim to Everest National. Everest National accepted the tender of La Villa's claim as an additional insured under the Everest National Policy and the parties stipulated to resolve the suit through binding arbitration.

At the arbitration hearing, the arbitrators dismissed Triangle from the case and found La Villa solely liable for Schirling's accident. The arbitrators awarded Schirling $300,000. The Eighth Judicial District Court of the State of Nevada confirmed that award on August 26, 2008, and also awarded Schirling prejudgment interest in the sum of $98,556.16. Everest National paid the entire judgment of $398,556.16 on La Villa's behalf. Everest National also claims it incurred $86,260 in legal fees and costs defending La Villa. Evanston provided no defense or indemnity for La Villa in this underlying action. As a result, Everest National demanded full reimbursement from Evanston, arguing that Evanston had a duty to provide a defense and indemnity for La Villa under the Evanston Policy. Following an evaluation of Everest National's demand, Evanston determined that it did not owe Everest National any reimbursement. Consequently, on October 28, 2009, Everest National filed this present action against Evanston for equitable subrogation and reimbursement, equitable contribution and reimbursement and declaratory relief.

On May 12, 2010, Evanston filed this motion for summary judgment based on the affirmative defense of the statute of limitations. Specifically, Evanston's motion alleges that Everest National claims are barred by NRS 17.285 in that those claims were not filed with the one-

2

year limitations period prescribed therein. Everest National responded by arguing that the proper limitations periods for its claims are established in NRS 11.190, and that under NRS 11.190 its claims were timely filed. The merits of this motion, therefore, rest entirely on the Court's determination as to which statute applies. For the reasons discussed below, the Court finds that NRS 17.285 does not apply. Therefore, Evanston's motion for summary judgment is denied.

## DISCUSSION

### I.    Applicable Legal Standards

#### a.    Operative State Law

When sitting in diversity, a federal district court must apply the substantive law of the forum state in which it resides. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Furthermore, in the absence of controlling precedent from the Nevada Supreme Court, this Court must use its own best judgment to predict how the state's highest court would decide the relevant substantive issue. *Allstate Ins. Co. v. Sanders*, 495 F.Supp.2d 1104, 1106 (D. Nev.2007). The procedural aspects of this case, however, will still be governed by federal law. *Associated Aviation Underwriters, Inc. v. Vegas Jet, LLC*, 106 F.Supp.2d 1051, 1053 (D. Nev. 2000).

#### b.    Summary Judgment Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

/

Where a summary judgment motion is based on a statute of limitations defense, the moving party bears the burden of showing that there is no material factual issue as to whether the suit was timely filed. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

**II.     Analysis**

The Court finds that the one-year limitations period stated in NRS 17.285(3) is not applicable to Everest National's claim because that section only applies to a certain type of contribution claim, which is not present in this lawsuit. In *Saylor v. Arcotta*, 225 P.3d 1276, 1279 (Nev. 2010), the Nevada Supreme Court held, "once a contribution claim arises, it is subject to a one-year statute of limitations." However, the court also observed that the type of contribution claim subject to the one-year limitations period only arises "'where a judgment has been entered in an action against two or more tortfeasors . . . .'" *Saylor*, 225 P.3d at 1279. Therefore, where a judgment has been entered against two or more tortfeasors, a contribution claim arises that is subject to a one year statute of limitations. In other words, the spark that ignites the one-year limitations period is a judgment against two or more tortfeasors. That is not the situation in the present case. Unlike *Saylor*, where the court considered the applicable statute of limitations

dealing with contribution among five or more potential tortfeasors, here, the state court entered judgment finding only one tortfeasor liable—La Villa.  Logically, there can be no contribution amongst multiple tortfeasors when judgment stands against one tortfeasor individually.  Therefore, the Court finds that this is not the proper case in which to assert the one-year limitations period established in NRS 17.285(3).

Furthermore, in *Bell & Gossett Co. v. Oak Grove Investors*, 843 P.2d 351, 354 (Nev. 1992), the Supreme Court of Nevada explained that NRS 17.285(3) exists to provide a method whereby a *tortfeasor* may enforce his right of contribution.  However, Evanston argues that this section also provides a mechanism whereby an *insurer* may enforce a right of contribution.  Specifically, Evanston claims that "the statute plainly states that if a tortfeasor (*or its liability carrier by subrogation* as set forth in N.R.S. 17.275) seeks to bring an action seeking contribution, the action must be brought within 1 year from final judgment." (Dkt. # 16, Reply, 3:19-21) (emphasis added).  The Court disagrees with this interpretation of §§ 17.285(3) and 17.275.  The mere fact that an insurer is subrogated to the contribution rights of a tortfeasor pursuant to NRS 17.275 does not mean that the insurer is required to enforce that right pursuant to the same limitations imposed upon the tortfeasor if he himself were to enforce that right under NRS 17.285(3).

The NRS provisions dealing with contribution among tortfeasors (17.225 through 17.305) are consistent with the Court's conclusions.  For example, NRS 17.285(3) expressly states that the one-year limitations period established therein applies when a tortfeasor seeks contribution in a "separate action *by him* . . . ."  This section, therefore, doesn't seem to address the situation in which a contribution claim is enforced in a separate action by an insurer.  Moreover, even if NRS 17.285(3) does apply to subrogated insurers, it still would not be applicable in this case because, as discussed above, this section would not apply in the absence of multiple tortfeasors.  Thus, both the Nevada Supreme Court and the NRS state that the kind of contribution Everest National seeks is not governed by § 17.285's one-year limitations period.  Therefore, the Court cannot conclude as

a matter of law that NRS 17.285 is applicable to this case. Accordingly, Evanston's motion must be denied.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment, Or, In The Alternative, Motion for Partial Summary Judgment (#12) is DENIED.

Dated: September 13, 2010

_____
ROGER L. HUNT
Chief United States District Judge