UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EVEREST NATIONAL INSURANCE COMPANY,

   Plaintiff(s),

vs.

EVANSTON INSURANCE COMPANY,

   Defendant(s).

Case No. 2:09-cv-2077-RLH-PAL

**O R D E R**
(Motion for Summary Judgment–#22,23)
(Motion for Summary Judgment–#26)

   Before the Court is Defendant Evanston Insurance Company's **Motion for Summary Judgment** (#22, filed September 22, 2010) and its **Revised Motion for Summary Judgment** (#23, filed September 30, 2010). Plaintiff Everest National Insurance Company's Response (#25) was filed October 15, 2010. Defendant Evanston Insurance Company's Reply (#27) was filed November 1, 2010.

   Also, before the Court is Plaintiff Everest National Insurance Company's **Motion for Summary Judgment, or, Alternatively, Partial Summary Judgment** (#26, filed October 15, 2010). Defendant Evanston Insurance Company filed Objections (#28, filed November 1, 2010) to Plaintiff Everest National Insurance Company's Evidence, and an Opposition (#30, filed November 8, 2010). Plaintiff Everest National Insurance Company filed its Reply (#31) on November 24, 2010.

   The case involves an insurance coverage issue. The motions are counter-motions which address the same facts and issues and will be addressed together.

## II.     BACKGROUND

At all times relevant, Defendant Evanston Insurance Company (Evanston) insured, pursuant to a commercial general liability policy, Executive Affiliates and other named insureds, including Rayman Associates Harlingen Limited Partnership dba La Villa Estates, an apartment complex (La Villa Apartments). Plaintiff Everest National Insurance Company (Everest) insured, pursuant to a commercial general liability policy, Triangle Landscape & Maintenance (Triangle Landscape). The La Villa Apartments is also an additional insured under the Everest policy.

The Evanston policy, under the Other Insurance provision, provides that if any other primary insurance is available to the La Villa Apartments, it is excess insurance, and not primary insurance.[1] There is a similar provision in the Everest policy, but the Evanston policy does not name Triangle Landscape as an additional insured, but names as a blanket additional insured, "All Nevada Operations."

This dispute began with a slip and fall on ice that had formed on the sidewalk from sprinklers at the La Villa Apartments. The victim was JeanMarie Shirling, who sustained injuries and subsequently sued both the La Villa Apartments and Triangle Landscape.

Triangle Landscape had a landscaping agreement with the La Villa Apartments which included "checking irrigation clocks 1 day per week," and "checking sprinklers 5 days per week." Apparently because the accident occurred because of ice on the sidewalks presumably from water from the sprinklers, Evanston, the La Villa Apartments' insurer, tendered the defense to Everest, Triangle Landscape's insurer, which was accepted, but with a reservation of rights. Subsequently, Everest demanded that Evanston defend La Villa Apartment, which demand was refused by Evanston.

---

[1] The Court will not protract this order by quoting from the two policies, and not because the parties consistently used the word "coverage" where the policies state "cover." A typographical error of no importance.

2

There is much said, and argued, about the fact that initially, the same law firm was retained to represent both defendants in the Shirling suit. That was corrected, and ultimately separate law firms represented the two defendants. The Court finds these facts irrelevant to the issues at hand.

Ultimately, the parties agreed to submit the matter to arbitration. At the arbitration the arbitrators solicited, received and granted a motion to dismiss as to Triangle Landscape. For reasons that included the facts that personnel from the La Villa Apartments monitored the existence of ice and had been told to, and did, have salt on the premises in the event of ice, could have turned the sprinklers off with the prospect of freezing temperatures, and that its employees failed to turn off the sprinklers or apply salt, the arbitrators found the La Villa Apartments solely responsible and awarded damages in the amount of $300,000, plus interest in the amount of $98,556. The award was approved by the court and judgment entered accordingly. Everest paid the judgment. Everest expended $86,260 in attorney fees defending the action and now seeks to recover those amounts from Evanston, as the insurer of La Villa Apartments. Evanston seeks a declaration that Everest is solely responsible for the insurance coverage of the La Villa Apartments, and that it, Evanston, is only responsible for amounts in excess of Everest's policy.

**II. DISCUSSION**

Before addressing the merits of the motions, the Court will overrule Evanston's Objections to Everest's evidence on the grounds that the objections are moot and the evidence objected to is irrelevant to the Court's consideration or determination of the merits of the motions. Which experts were designated, and what their reports or testimony contained, are of no moment. Nor is it important to this Court what the trial memoranda or the register of actions states. There is no contest of the fact that judgment was entered against La Villa Apartments only, nor of the amount of the award. The question here is who has coverage and is obligated to pay the judgment and attorney fees.

/ / / /

**a. Analysis of Plaintiff Everest's Argument**

The substance of Everest's argument is that the language of Evanston's policy, which purports to relegate Evanston's policy to an excess position, requires the liability arise out of Triangle Landscaping's operations, *i.e.*, that if La Villa Apartments are sued because of Triangle Landscaping's negligence, Evanston would then only be in an excess position.[2] Therefore, because La Villa Apartments, not Triangle Landscaping, was found to be liable, Everest argues, the excess provision does not apply, and Evanston is still the primary insurer of La Villa Apartments, and "As a general rule, an insured's loss should be 'equitably distributed among those who share liability for it in direct ratio to the portion each insurer's coverage bears to the total coverage provided by all the insurance policies.' *Fireman's Funds Ins. Co. v. Md Casualty Co.*, 65 Cal.App.4th 1279, 1294 n.4, 77 Cal Rptr2d. 296 (1998)." *Great American Ins. Co. of New York v. North American Specialty Ins. Co.*, 542 F. Supp.2d 1303, 1211-1212 (D. Nev. 2008).

While this Court feels the foregoing quote accurately states the law, it does not state the full law applicable to the situation before us.

There are a number of cases cited, argued and attempted to be distinguished by both sides regarding this issue. Most of them are inapplicable because they deal either with employees of one or the other entities, or address situations where the employee of one is injured by the employee of another. Here, the injured party is not connected to either insured.

The case that provides the remaining applicable law is stressed by Evanston (which, unfortunately, presumes too much from the decision). That case is *Federal Insurance Company v. American Hardware Mutual Insurance Company*, 184 P.3d 390 (Nev. 2008). That case involved a certification of a question by the United States District Court for the District of Nevada (J.

---

[2] The specific language is as follows: "This insurance is excess over: . . . (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."

McKibben) to the Nevada Supreme Court. The question was, "Whether, under Nevada law, an additional insured endorsement provides coverage for an injury caused by the sole independent negligence of the additional insured?" The Nevada Supreme Court answered the question in the affirmative.

Accordingly, La Villa Apartments is an additional insured of Everest. Therefore, Evanston does not have the sole liability coverage for La Villa Apartments. Rather, it shares that coverage with Everest, and the Other Insurance provisions of both policies come into play, and, pursuant to *Great American Ins. Co. of New York*, above, the coverage is prorated based upon the total coverage of each policy. Each policy has a policy limit of $1,000,000 for personal injury. Thus, the judgment and defense costs are to be shared equally.

Evanston's interpretation of the *Federal Insurance* case is that, by declaring that the carrier naming an additional insured must provide coverage, Everest has the *sole* coverage. That is not what the case says. It is clear, from the reading of the decision in *Federal Insurance*, that the Nevada Supreme Court was not addressing the allocation of coverage. Rather, it was insuring that there *was* coverage. To do so, the Nevada Supreme Court found that the language, "arising out of . . . the operations" was ambiguous. *Federal Insurance*, 184 P.3d at 393. It then held that, "an additional insured endorsement that covers liabilities arising out of a named insured's operations performed for the additional insured provides liability coverage, regardless of fault, so long as the injury or loss suffered is connected to the named insured's operations performed for the additional insured's benefit." *Id.* at 397. Here, the water from which the ice formed was from the sprinklers maintained by Triangle Landscaping. Thus, there is a "connection," although there is no liability on the part of Triangle Landscaping.

**b. Analysis of Evanston's Argument**

Evanston hangs its hat on its Excess Provision and the language of *Federal Insurance* to proclaim that its Excess Provision permits it to escape its obligations as the primary carrier for La Villa Apartments. It ignores the fact that the Nevada Supreme Court declared the language

5

ambiguous, and ruled that, "unclear terms are interpreted against the insurer. . . ." *Id.*, at 395.

The Court refers the reader to the discussion of *Federal Insurance* above and will not repeat it here. Suffice it to say that Evanston sold La Villa Apartments a policy providing primary coverage. In that policy, it has a section entitled Other Insurance, which includes the excess language in the footnote above and also language involving a situation where there is coverage by more than one policy. There is a similar provision in the Everest policy. It provides that where there is more than one policy which provides coverage for any liability, that the policies will each contribute equal amounts until the limits have been exhausted.

In this instance, the standard Other Insurance provision is both reasonable and according to law. The language on which Evanston relies is ambiguous and cannot be applied to permit Evanston to escape its responsibilities as a primary carrier. Evanston actually described the equities best in its quote from *Hartford Casualty Ins. Co. v. Travelers Indemnity Co.*, 110 Cal. App. 4th 710, 726-727 (2003), which is as follows:

> The policies in this case contain narrow exceptions to their operation as primary insurance. There are no broad "excess only" clauses in either policy that purport to make the coverage excess whenever there is other insurance. Both policies declare themselves to be excess in the situation where the parties and the insurers are most likely to intend that result-when the insured is covered as an additional insured on another party's policy for some specific event or situation. *A clause that carves out this intended exception to primary coverage is not similar to an escape clause, where the insurer appears to offer coverage that in fact evaporates in the presence of other insurance.* (See, *e.g.*, Croskey *et al.*, Cal. Practice Guide: Insurance Litigation (The Rutter Group 2002) 8:20-822, pp. 8-6 to 8-7). (Emphasis added).

1   Evanston's clause is not like the one approved in the above quote.  Rather, it is a
2   clause like that described, and criticized,  in the italicized portion of the quote.  It is not reasonable,
3   and this Court will not permit, Evanston to take away with one hand what it purports to give with
4   the other.  Both policies are primary and co-obligated.

5   The excess clause in the Evanston policy will not be honored.  Rather, the standard
6   Other Insurance clause in both policies will apply.

7   "Where one of two or more potentially liable insurers pays a loss, whether n
8   satisfaction of a judgment or in settlement of a claim, it may then seek payment from the other
9   insurers for their fair share of the loss."  *Couch on Insurance* §217:4 (3d ed. 2009).  "Similarly,
10  where an insurer of a joint tortfeasor pays an entire loss, it may seek recompense from the other
11  tortfeasor or its insurer for its aliquot share."  *Ibid*.  The purpose of contribution "is to accomplish
12  substantial justice by equalizing the common burden shared by coinsurers, and to prevent one
13  insurer from profiting at the expense of others."  *Hartford Cas. Ins. Co. v. Mt. Hawley Ins. Co.,* 123
14  Cal.App.4th 278, 287, 20 Cal.Rptr.3d 128, 135. (2004).

15  IT IS THEREFORE ORDERED that both Motions for Summary Judgment (##22,
16  23, and 26) are denied except as ordered next.

17  IT IS FURTHER ORDERED that Defendant Evanston Insurance Company is
18  ordered forthwith to contribute equally, by paying to Everest National Insurance Company one-half
19  the $300,000 judgment, one-half of the $98,556 interest obligation, and one-half of the $86,260
20  incurred as attorney fees and costs.

21  Dated: February 8, 2011.

_____
Roger L. Hunt
Chief United States District Judge